**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                        **CIVIL ACTION NO. 5:20-cv-00123**

**$30,000 IN U.S. CURRENCY,**

        **Defendant.**

## VERIFIED COMPLAINT OF FORFEITURE

The United States of America, by and through its attorney, Kathleen Robeson, Assistant United States Attorney for the Southern District of West Virginia, respectfully brings this Verified Complaint (the "Complaint") and alleges as follows in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and to the extent applicable 8 U.S.C. § 1324, 18 U.S.C. §§ 981, and 21 U.S.C. § 881, and the Federal Rules of Civil Procedure.

## NATURE OF THE ACTION

1. This is a civil action in rem brought on behalf of the United States of America, pursuant to 18 U.S.C. § 981 and 8 U.S.C. § 1324(b), to enforce the provisions for the forfeiture of defendant in rem, constituting proceeds of a violation of 8 U.S.C. § 1324(a), which constitutes a specified unlawful activity under 18 U.S.C. § 1956(c)(7)(A) and 18 U.S.C. § 1961(1)(F).

2. In the alternative, this action is brought pursuant to 21 U.S.C. § 881(a)(6), to enforce the provisions for forfeiture of the defendant in rem, constituting proceeds of the sale of controlled substances.

3. Further, in the alternative, Miguel Alba used the defendant in rem to promote his specified unlawful activities, namely his illegal distribution of controlled substances in violation of Title 21 and the illegal transportation and harboring of aliens in violation of 8 U.S.C. § 1324. Miguel Alba also engaged in money laundering transactions when promoting his illegal activities in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and concealing the true nature or source of the proceeds, the defendant in rem, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

4. Pursuant to 18 U.S.C. § 981, any property, real or personal, which was involved in money laundering transactions or attempted transactions in violation of 18 U.S.C. § 1956, and property traceable to such property is forfeitable to the United States.

## THE DEFENDANT IN REM

5. The defendant in rem, captioned above, totaling $30,000, is the sum of currency seized from Miguel Alba on September 3, 2019 (hereinafter, the "Defendant Currency").

6. The Defendant Currency is presently in the custody of the United States, specifically within an account maintained by United States Customs and Border Protection.

## JURISDICTION AND VENUE

7. Plaintiff, United States of America, brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced

2

by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. §1355(a).

8. This Court has in rem jurisdiction over the defendant property pursuant to 28 U.S.C. 1355(b)(1)(A) since the acts and omissions giving rise to forfeiture occurred in this district.

9. Upon the filing of this verified complaint, Plaintiff requests that the Clerk of this Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b)(i), which Plaintiff will have executed upon the defendant property, pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

10. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district and, pursuant to 28 U.S.C. § 1395(b), because the property is located in this district.

## STATUTORY BACKGROUND

11. Pursuant to 8 U.S.C. § 1324(b), any conveyance, including any vessel, vehicle or aircraft, that has been or is being used in the commission of a violation of this statute, the gross proceeds of such a violation, and any property traceable to such proceeds shall be seized and subject to forfeiture.

12. Pursuant to 18 U.S.C. § 981, any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting a "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), or any conspiracy to commit any such violation, is forfeitable to the United States.

13. Pursuant to 18 U.S.C. § 1956(c)(7)(A), the definition of a specific unlawful activity includes violations of 8 U.S.C. § 1324.

14. Pursuant to 21 U.S.C. § 881(a)(6), all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code; all proceeds traceable to such an exchange; and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21, Subchapter I, of the United States Code are forfeitable to the United States.

## BASIS FOR FORFEITURE

15. The defendant Currency is subject to forfeiture to the United pursuant to 8 U.S.C. § 1324(b) on the grounds that it is the proceeds of or derived from the proceeds of, or was intended to be used to facilitate a violation of 8 U.S.C. § 1324.

16. The Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) on the grounds that it constitutes a thing of value furnished or intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. § 801 et seq., or is proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more controlled substance violations.

17. The Defendant Currency is also subject to forfeiture to the United States pursuant to 18 U.S.C. § 981 on the grounds that it is property involved in money laundering in violation of 18 U.S.C. § 1956(a)(1).

## FACTS

18. On September 3, 2019, around 2:30 am, a West Virginia State Police officer was notified that a Giles County, Virginia Deputy Sheriff was following a vehicle (Alba's) which traveled into West Virginia around 110 miles per hour.

19. The officer attempted to deploy stop sticks around West Virginia Turnpike mile marker 26.5 but Alba avoided the stop sticks, and continued to flee northward.

20. Another officer was able to deploy stop sticks in front of mile marker 40, and Alba's vehicle was finally stopped after its tire began to go flat.

21. Alba was then arrested by law enforcement for reckless driving.

22. Law enforcement asked Alba why he fled, and Alba answered that he was not from the area, did not know the police, and was scared.

23. Following his arrest, Alba advised law enforcement that he had $20,000 in the trunk of his vehicle that he received from his mother's Chinese friend in South Carolina to help with his divorce and to buy a trailer.

24. Alba also advised law enforcement that he no documentation for this currency.

25. After Alba was stopped, law enforcement discovered two Hispanic males sitting inside of his vehicle. Officers later determined that these males were Mexican citizens and were illegal aliens, as they did not have status to be in the United States at this time.

26. A canine subsequently alerted to a positive indication on Alba's vehicle.

27. Law enforcement officers then obtained a search warrant for the vehicle, and discovered a glass pipe with white residue in the center console.

28. Officers also discovered a backpack in the trunk, which contained a black metal box labeled "cash box." The box contained $30,000, the Defendant Currency.

29. Alba was later charged in Raleigh County with reckless driving.

30. Virginia issued a warrant for Alba for felony fleeing.

31. On November 14, 2019, Alba submitted a claim for the Defendant Currency.

32. Alba claimed that his mother gave him this money from the sale of a house in 2007.

33. On December 31, 2019, Alba pleaded guilty to the charge of reckless driving in the Circuit Court of Raleigh County, West Virginia.

34. Alba is a resident of Los Ranchos, New Mexico.

## THE DEFENDANT CURRENCY

35. The Defendant Currency was discovered in Alba's vehicle, alongside drug paraphernalia and two illegal aliens that he was transporting.

36. The Defendant Currency was only discovered after Alba was stopped from fleeing from law enforcement.

37. Alba has given inconsistent accounts of his ownership of the funds. Notably, during his first statement of ownership over the monies, he declared that he had $20,000 in his car, whereas $30,000 was discovered in the trunk.

38. The Defendant Currency is composed of 243 x $100 bills, 34 x $50 bills, 198 x $20 bills, and 4 x $10 bills.

39. The denominations of the currency are also consistent with illegal activities.

40. The currency was also concealed and packaged in multiple layers. The currency was first in a zip lock bag, and then placed in another black bag, then in the black box, and finally in the black backpack.

41. Thus, the Defendant Currency is subject to forfeiture to the United States pursuant to 8 U.S.C. § 1324(b), 18 U.S.C. § 981, and 21 U.S.C. § 881(a)(6), as proceeds of or money that is intended to be used to facilitate further violations of illegal alien transportation and/or drug trafficking.

42. The Defendant Currency is also subject to forfeiture to the United States pursuant to 18 U.S.C. § 981 as property that is involved in money laundering.

## CLAIMS FOR FORFEITURE

43. The allegations contained in paragraphs 1 through 39 of this Complaint are incorporated herein and made a part hereof.

44. As a result of the foregoing, the defendant in rem is subject to forfeiture to the United States of America pursuant to 8 U.S.C. § 1324(b), as property that represent the proceeds of, or is derived from the proceeds of a violation of 8 U.S.C. § 1324, or is intended to be used to facilitate a violation of 8 U.S.C. § 1324.

45. As a result of the foregoing, the defendant in rem is subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981 as property that represent the proceeds of, or is derived from the proceeds of a violation of 8 U.S.C. § 1324, which is a specified unlawful activity.

46. The defendant in rem is also subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code;

proceeds traceable to such an exchange; or moneys used or intended to be used to facilitate any violation of Title 21, Subchapter I, of the United States Code.

47. The defendant in rem is also subject to forfeiture pursuant to 18 U.S.C. § 981 as property involved in money laundering transactions or attempted transactions in violation of 18 U.S.C. § 1956.

48. As a result of the foregoing, the defendant properties and all property traceable thereto are subject to condemnation and to forfeiture to the United States, in accordance with 8 U.S.C. § 1324(b), 18 U.S.C. § 981 and 21 U.S.C. § 881.

## CONCLUSION

49. By virtue of the foregoing and pursuant to 18 U.S.C. § 981(f), all right, title and interest in the defendant properties vested in the United States at the time of the commission of the unlawful acts giving rise to forfeiture has become and is forfeitable to the United States.

WHEREFORE, the United States of America requests that the Clerk of the Court issue a warrant for the arrest and seizure of the defendant in rem pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, which the plaintiff will execute upon the defendants in rem pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c); that notice of this action be given to all persons who reasonably appear to be potential claimants to the defendants in rem; that the defendants in rem be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and that the Court grant such other and further relief it deems just and proper.

Respectfully submitted,

UNITED STATES OF AMERICA
By Counsel

MICHAEL B. STUART
United States Attorney

By:   s/Kathleen Robeson
Kathleen Robeson, VA Bar Number: 89526
Attorney for the United States
United States Attorney's Office
300 Virginia Street, East, Room 4000
Charleston, West Virginia 25301
Telephone: (304) 345-2200
Email: Kathleen.robeson@usdoj.gov

## VERIFICATION

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, TO-WIT:

I, Brian Morris, Special Agent with the Department of Homeland Security, declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That the foregoing Complaint for Forfeiture in rem is based upon reports and information I have gathered and which have been provided to me by various law enforcement personnel, and that everything contained therein is true and correct to the best of my knowledge and belief, except where stated to be upon information and belief, in which case I believe it to be true.

Executed on February 11, 2020.

S/A _____
BRIAN MORRIS

Taken, subscribed and sworn to before me this 11th day of February, 2020.

_____
Notary Public

My commission expires on March 30, 2024 



Official Seal
Notary Public, State of West Virginia
Debra L. Watson
938 98th Street
Marmet, WV 25315
My Commission Expires March 30, 2024

10

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
$30,000 in United States Currency

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Raleigh
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. 981, 983, 9894, 985 and 21 U.S.C. 881(a)(6)

Brief description of cause:
Forfeiture or proceeds of alien smuggling and drug proceeds

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Print　　Save As...　　Reset

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.